1
2
3
4
5
6
7
## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRIAN W.<br><br>             Plaintiff,<br><br>v.<br><br>PREMERA BLUE CROSS OF WASHINGTON; and DOES 1 through 10,<br><br>             Defendants. | Case No.<br><br>**PLAINTIFF BRIAN W.'S COMPLAINT FOR BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974 (ERISA); BREACH OF FIDUCIARY DUTY; ENFORCEMENT AND CLARIFICATION OF RIGHTS; PREJUDGMENT AND POSTJUDGMENT INTEREST; AND ATTORNEYS' FEES AND COSTS** |

Plaintiff BRIAN W. herein sets forth the allegations of this Complaint against Defendant PREMERA BLUE CROSS OF WASHINGTON; and DOES 1 through 10.

## PRELIMINARY ALLEGATIONS

### JURISDICTION

1.     Plaintiff brings this action for relief pursuant to Section 502(a)(1)(B) and Section 502(a)(3) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. Section 1132(a)(1)(B) and (a)(3). This Court has subject matter jurisdiction over Plaintiff's claim pursuant to ERISA Section

**COMPLAINT**
**Case No.:**

**MONAHAN TUCKER LAW, PC**
**14241 NE Woodinville-Duvall Road, Suite 382**
**Woodinville, WA 98072**
**(844) 503-5301**

502 (e) and (f), 29 U.S.C. Section 1132 (e), (f), and (g) and 28 U.S.C. Section 1331 as it involves a claim made by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. Section 1331 as this action involves a federal question.

2.      This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan and enforcing Plaintiff's rights under the terms of an employee benefit plan.

3.      Plaintiff seeks relief, including but not limited to: past mental health benefits in the correct amount related to Defendant's improper denial of Plaintiff's claim; prejudgment and post judgment interest; general and special damages; attorneys' fees and costs; surcharge; injunctive relief, and any other form of equitable relief that may arise during the pendency of this action and that the Court may deem appropriate.

**PARTIES**

4.      Plaintiff BRIAN W. is, and at all times relevant was, a resident of Washington.

5.      Defendant PREMERA BLUE CROSS OF WASHINGTON ("Premera") is a health insurance provider authorized to transact and currently transacting the business of insurance in the State of Washington.

6.      At all relevant times, BRIAN W. participated in an employee welfare benefit plan within the meaning of ERISA section 3(1), 29 U.S.C. § 1002(1), sponsored by his employer.

7.      The plan's health benefits were fully insured through a policy issued by Premera, the Information Technology Industry Health Trust Your Choice Titanium 200 Heritage Network ("The Plan")

8.      Mental Health benefits under the Plan were at all relevant times administered by Defendant Premera and/or its third-party services administrator.

9.      At all relevant times, the Plan was an insurance plan that offered, *inter alia*, mental health benefits to employees and their beneficiaries, including Plaintiff and A.W.  This action involves mental

COMPLAINT

Case No.:

MONAHAN TUCKER LAW, PC
14241 NE Woodinville-Duvall Road, Suite 382
Woodinville, WA 98072
(844) 503-5301

health claims guaranteed under the Plan and denied by Premera and/or its services administrator and guaranteed under the Plan.

## FACTS

10.     The Plan guarantees, warrants, and promises "Mental Health Care" for members and their beneficiaries, including but not limited to: health care services, mental health care, and treatment at issue herein.

11.     A.W. is BRIAN W.'s son, and was, at all relevant times, a beneficiary of the Plan.

12.     At all relevant times, A.W. was a beneficiary under the Plan within the meaning of ERISA section 3(1), 29 U.S.C. § 1002(1).

13.     BRIAN W. was the individual responsible for A.W.'s health care costs, and did in fact pay the out-of-pocket expenses for A.W.'s mental health treatment at issue herein that was denied by Premera.

14.     At all relevant times, the Plan was in full force and effect.

15.     The Plan guarantees, promises, and warrants benefits for medically necessary covered health care services.

16.     The Plan defines "Medically Necessary" services as follows:

Those covered services and supplies that a physician, exercising prudent clinical judgement, would provide to a patient for the purpose of preventing, evaluating, diagnosing or treating an illness, injury, disease or its symptoms and that are:

- In accordance with generally accepted standards of medical practice.

- Clinically appropriate, in terms of type, frequency, extent, site, and duration, and considered effective for the patient's illness, injury, or disease; and

- Not primarily for the convenience of the patient, Physician or other health care Provider.

3

**COMPLAINT**
Case No.:

17.   "Generally accepted standards of medical practice" is defined as "standards that are based on credible Scientific Evidence published in Peer-Reviewed Medical Literature generally recognized by the relevant medical community, Physician Specialty Society recommendations and the views of Physicians and other health care Providers practicing in relevant clinical areas and any other relevant factors."

18.   The Plan guarantees coverage for inpatient and outpatient treatment of mental health conditions.

19.   The plan also covers treatment by out-of-network/non-contracting providers when it is medically necessary. The plan states:

- You may receive benefits for these services at the in-network cost-share if the services are medically necessary and only available from an out-of-network provider. You or your provider may request a pre-approval for the in-network benefit before you see the out-of-network provider.

20.   Premera's contract is governed by Washington law, including the Washington State Mental Health Parity Act ("State Parity Act"). See RCW 48.18.510. As a result, Premera's policy includes as additional "terms of the plan," the requirements of the Washington Mental Health Parity Act ("State Parity Act") See *Z.D. v. Grp Health Coop., 829 F. Supp. 2d 1009, 1013 (W.D. Wash. 2011).*

21.   The Washington Parity Act as well as the Federal Mental Health Parity and Addictions Equity Act of 2008 ("MHPAEA") specifically require that health care plans provide medically necessary diagnosis, care and treatment for the treatment of specified mental health illnesses at a level equal to the provision of benefits for physical illnesses.

22.   A.W. has long history of multiple comorbid mental health conditions which, despite ongoing outpatient treatment, worsened to the point that he was a danger to himself and others.

23.   At all times relevant, A.W. was diagnosed with co-occurring anxiety and depressive disorders, attention deficit hyperactivity disorder (ADHD) – inattentive type; autism spectrum

4

disorder and an eating disorder best characterized as anorexia nervosa-binge purge type; and parent-child relational problems.

24.     A.W. has a history of dysregulated mood, severe symptoms of anxiety, and aggressive behavior directed towards his family.

25.     A.W. has expressed suicidal ideations since he was four and half year old, often articulating that the wanted to die and he hated his life. He began acting on his suicidal ideations by wielding knives while saying he was going to hurt himself or others.

26.     A.W. has behaved erratically, violently, and dangerously. A.W. has been admitted twice to the Psychiatric and Behavioral Medicine Unit at Seattle Children's Hospital on psychiatric holds due to his behaviors.

27.     A.W.'s behavior was so violent and severe that Child Protective Services became involved after a behavioral professional reported concern for A.W.'s brother's safety in the family household.

28.     A.W.'s treating providers determined that A.W. required a higher level of therapy, structure, and security than could be provided on an outpatient basis.

**Premera's Wrongful Denial of A.W.'s Treatment at Cherry Gulch**

29.     As a result of his worsening condition, the failure of prior treatment attempts, and at the recommendation of his treatment providers, A.W. was admitted to Cherry Gulch a residential treatment center in Emmett, Idaho.

30.     At all times relevant, A.W.'s treatment at Cherry Gulch was medically necessary, based upon the reasoned medical opinions of A.W.'s mental health treatment providers.

31.     At all times relevant, Cherry Gulch was an organization which duly licensed to provide medical or surgical services, and satisfied the plan's definition of Provider.

32.     Plaintiff filed claims for mental health benefits with Premera for A.W.'s treatment at Cherry Gulch

33.     Premera and/ or its utilization review service provider denied Plaintiff's claim.

COMPLAINT
Case No.:

MONAHAN TUCKER LAW, PC
14241 NE Woodinville-Duvall Road, Suite 382
Woodinville, WA 98072
(844) 503-5301

34.     Plaintiff timely appealed Primera's claim denials.

35.     Premera, both individually and by and through its utilization review service provider, on behalf of the plan, denied Plaintiff's appeal.

36.     As a result of Premera's denials, Plaintiff was forced to pay for A.W.'s care and treatment at Cherry Gulch from his own personal funds.

37.     Plaintiff has exhausted all administrative remedies regarding the denial of A.W.'s mental health benefits at Cherry Gulch.

**Premera's Wrongful Denial of A.W.'s Treatment at Heritage School**

38.     Following A.W.'s treatment at Cherry Gulch, A.W. was admitted to Viewpoint, a short-term residential diagnostic and assessment program.

39.     While Premera initially denied A.W.'s treatment at Viewpoint as not medically necessary, that decision was overturned on appeal by an independent review organization.

40.     At the recommendation of his treatment providers at Viewpoint, he was admitted to Heritage School, a specialized residential treatment center for adolescents with autism in Provo Utah.

41.     At all times relevant, A.W.'s treatment at Heritage was medically necessary, based upon the reasoned medical opinions of his treaters.

42.     At all times relevant, A.W.'s treatment at Heritage was a covered benefit under the Plan.

43.     Premera denied Plaintiff's claims for A.W.'s treatment at Heritage, stating "Your plan does not provide benefits for services that are not medically necessary. This includes services, drugs or supplies that are not clinically appropriate, in terms of type, frequency, extent, site and duration, and not considered effective for the patient's illness, injury or disease. Your plan does not provide benefits for residential treatment for treatment of mental health or psychiatric conditions"

44.     The Patient Protection and Affordable Care Act ("PPACA") requires that a health plan "[m]aintains a network that is sufficient in number and type of providers, including providers that specialize in mental health and substance abuse." 45 CFR §156.230.

45. Premera has failed to maintain an adequate provider network as required by PPACA as evidenced by its lack of in-network intermediate behavioral health providers equipped to treat A.W.'s condition.

46. Additionally, the plan covers out-of-network treatment when it is medically necessary.

47. Plaintiff timely appealed Premera's denials of A.W.'s claims for treatment at Heritage.

48. As a result of Premera's denials, Plaintiff was forced to pay for A.W.'s care and treatment at Heritage from his own personal funds.

49. Plaintiff has exhausted all administrative remedies regarding the denial of A.W.'s mental health benefits at Heritage.

## CLAIMS FOR RELIEF
### FIRST CAUSE OF ACTION (Against Defendant PREMERA BLUE CROSS OF WASHINGTON; Enforcement and Clarification of Rights, Prejudgment an Post Judgment Interest, and Attorney's Fees and Costs, Pursuant to ERISA Section 502(a)(1)(B), 29 U.S.C. Section 1132(a)(1)(B))

50. Plaintiff incorporates all preceding paragraphs of this Complaint as though fully set forth herein.

51. ERISA Section 502(a)(1)(B), 29 U.S.C. Section 1132(a)(1)(B) permits a plan participant to bring a civil action to recover benefits due under the terms of the plan and to enforce Plaintiff's rights under the terms of a plan

52. At all relevant times, Plaintiff and his son A.W. were insured under the health care plan at issue herein, and Plaintiff's son A.W. met the covered health services and medical necessity criteria for treatment required under the terms and conditions of the Plan.

53. By denying Plaintiff's mental health claim, Defendant has violated, and continues to violate, the terms of the Plan, the terms of ERISA, and Plaintiff's rights thereunder.

54. The provisions of an ERISA plan should be construed so as to render none nugatory and to avoid illusory promises

**COMPLAINT**
Case No.:

**MONAHAN TUCKER LAW, PC**
**14241 NE Woodinville-Duvall Road, Suite 382**
**Woodinville, WA 98072**
**(844) 503-5301**

**SECOND CAUSE OF ACTION**
**Breach of Fiduciary Duty Under ERISA § 502(a)(3), 29 U.S.C. Section 1132(a)(3)**
**(against Defendant PREMERA BLUE CROSS OF WASHINGTON)**

55.     Plaintiff incorporates all preceding paragraphs of this Complaint as though fully set forth herein.

56.     At all material times herein, Defendant was a fiduciary with respect to its exercise of authority over the management of the Policy, disposition of Plan assets, and administration of the Policy.

57.     Plaintiff asserts that a claim for benefits due under the Policy does not provide him with an adequate remedy at law in light of Defendant's continuing course of conduct in violating the terms of the Policy and applicable law as described below.

58.     ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A), requires fiduciaries to discharge their duties solely in the interests of employee benefit plan participants and beneficiaries and for the exclusive purpose of providing benefits and defraying reasonable expenses of administering the plan.

59.     ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B), requires fiduciaries to discharge their duties with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.

60.     ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D), requires fiduciaries to discharge their duties in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of ERISA.

61.     In committing the acts and omissions herein alleged, Defendant breached its fiduciary duties in violation of ERISA §§ 404(a)(1)(A), (B) and (D), 29 U.S.C. §§ 1104(a)(1)(A)(B) and (D).

62.     At all material times herein, Defendant violated these duties by, *inter alia,* the following:

    A. Consciously, unreasonably, intentionally, and without justification, violating Washington's Mental Health Parity Act, RCW 48.18.510, as well as the Federal Mental Health Parity and Addictions Equity Act of 2008 ("MHPAEA") which

**COMPLAINT**
Case No.:

**MONAHAN TUCKER LAW, PC**
**14241 NE Woodinville-Duvall Road, Suite 382**
**Woodinville, WA 98072**
**(844) 503-5301**

specifically require that health care plans provide medically necessary diagnosis, care and treatment for the treatment of specified mental health illnesses at a level equal to the provision of benefits for physical illnesses;

B. Consciously and unreasonably failing to investigate all bases upon which to pay and honor Plaintiff's claim, and related claims and/or similar claims, for benefits, and consciously and unreasonably failing to investigate all bases to support coverage fairly and in good faith and refusing to give Plaintiff's interests or the interests of the Plan at least as much consideration as they gave their own;

C. Consciously and unreasonably asserting improper bases for denying full payment of Plaintiff's claim, and related claims and/or similar claims, for mental health care benefits;

D. Consciously and unreasonably interpreting the Plan in a manner designed to deny and minimize benefits and in a manner that thwarts the reasonable expectations of the Plan's beneficiaries and participants in order to maximize its own profits and minimize the benefits that it pays claimants;

E. Consciously and unreasonably refusing to pay Plaintiff's claim, and related claims and/or similar claims, with the knowledge that Plaintiff's claim and similar claims are payable and with the intent of boosting profits at Plaintiff's and other claimants' expense; and

F. Consciously and unreasonably failing to follow the terms of the Plan and applicable regulations governing the administration of claims, and the review of denied claims.

63.     As a result of Defendant's breaches of fiduciary duty, Plaintiff has been harmed, and the Defendant has been permitted to retain assets and generate earnings on those assets to which Defendant was not entitled.

64.     Plaintiff further requests judgment permanently enjoining Defendant Premera from refusing to cover intermediate forms of mental health treatment, such as the residential treatment at issue

COMPLAINT

Case No.:

MONAHAN TUCKER LAW, PC
14241 NE Woodinville-Duvall Road, Suite 382
Woodinville, WA 98072
(844) 503-5301

herein, when it is medically necessary. In addition, Plaintiff seeks appropriate equitable relief from Defendant including an order by this Court that, based upon principles of waiver and/or estoppel, Plaintiff is entitled to benefits in the amount of the cost of A.W.'s treatment at Cherry Gulch and Heritage. In addition, Plaintiff seeks disgorgement of profits, make-whole relief, and that Plaintiff be placed in the position that he would have been in had he been paid the full amount of benefits to which he is entitled, including, without limitation, interest, attorneys' fees and other losses resulting from Defendant's breach.

## PRAYER FOR RELIEF

### AS TO ALL DEFENDANTS

**WHEREFORE,** Plaintiff prays that the Court grant the following relief:

65.     Declare that Defendant violated the terms of the Plan by failing to provide mental health benefits;

66.     Order Defendant to pay the mental health benefits due, together with prejudgment interest on each and every such benefit payment through the date of judgment at the rate of 9% compounded;

67.     Award Plaintiff reasonable attorneys' fees and costs of suit incurred herein pursuant to ERISA Section 502(g), 29 U.S.C. Section 1132(g);

68.     Provide such other relief as the Court deems equitable and just.

**WHEREFORE,** Plaintiff prays that the Court grant the following relief as to the SECOND CAUSE OF ACTION:

69.     Order that each fiduciary found liable for breaching his/her/its duties to disgorge any profits made through the denial of medically necessary claims through the application of Plan term definitions and/or exclusions that violate the parity acts. This includes, but is not limited to, any violation of ERISA §§ 404 and 406;

70.     For appropriate equitable relief pursuant to 29 U.S.C. §§ 1132(a)(2) and (a)(3), including but not limited to, a declaration of Plaintiff's rights to a full and fair review under ERISA, and a declaration of Plan participants' and beneficiaries' rights to a full and fair review;

COMPLAINT

Case No.:

MONAHAN TUCKER LAW, PC
14241 NE Woodinville-Duvall Road, Suite 382
Woodinville, WA 98072
(844) 503-5301

71.     For surcharge relief;

72.     An injunction against further denial of Plaintiff's benefits pursuant to 29 U.S.C. §§ 1132(a)(3);

73.     Provide such other relief as the Court deems equitable and just.

Dated February 5, 2024                    Respectfully submitted,

                                          **MONAHAN TUCKER LAW, PC**


                                          By: */s/ Stacy M. Tucker*
                                          Stacy M. Tucker
                                          WSBA 43449
                                          **Attorneys for Plaintiff**
                                          **BRIAN W.**
                                          MONAHAN TUCKER LAW, PC
                                          14241 NE Woodinville-Duvall Road, Suite 382
                                          Woodinville, WA 98072
                                          Telephone: (844) 503-5301
                                          Facsimile: (206) 800-7801

11

COMPLAINT                                          **MONAHAN TUCKER LAW, PC**
Case No.:                                 **14241 NE Woodinville-Duvall Road, Suite 382**
                                                        **Woodinville, WA 98072**
                                                            **(844) 503-5301**