UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRIAN W,<br><br>    Plaintiff,<br> v.<br><br>PREMERA BLUE CROSS OF WASHINGTON et al.,<br><br>    Defendants. | CASE NO. C24-0154-KKE<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO AMEND THE CASE SCHEDULE |

This matter comes before the Court on Defendant Premera Blue Cross Washington's ("Premera") motion to amend the case schedule. Dkt. No. 35. For the reasons set forth below, the motion is granted in part and denied in part.

## I. BACKGROUND

Plaintiff sues Premera "to recover[] benefits under the terms of an employee benefit plan and [to] enforce[] Plaintiff's rights under the terms of an employee benefit plan." Dkt. No. 1 ¶ 2. On June 2, 2025, the Court granted the parties' joint motion to amend the case schedule, setting a one-day bench trial for February 9, 2026, and entering the parties' stipulated cross dispositive motion briefing schedule. Pursuant to that order, Premera's opening summary judgment brief was due June 30, 2025, and all briefing on the cross motions would be complete on September 25, 2025. Dkt. No. 33.

On June 11, 2025, Premera emailed Plaintiff to request a copy of the "Heritage appeal" and exhibits, indicating they could not locate the relevant records. Dkt. No. 36-1 at 4. The "Heritage appeal" refers to the record of Premera's earlier denial of Plaintiff's claim for insurance coverage. *See* Dkt. No. 1 ¶ 47. On June 16, 2025, Premera again contacted Plaintiff and stated "Premera has located the Heritage appeal record" and sent 5,592 pages to Plaintiff encompassing said appeal. Dkt. No. 36-1 at 2–3. Plaintiff then discovered that Premera's production did not include "six exhibits submitted during the appeal." Dkt. No. 38 ¶ 6. Accordingly, on June 23, 2025, Plaintiff produced "a full complete version of the Heritage appeal" to Premera which "included the same 19 exhibits already in Premera's Heritage production to plaintiff as part of this litigation, plus the additional, missing six exhibits." *Id.* ¶¶ 6–7. Plaintiff states that these same documents were previously provided to Premera in 2021 and 2022 as part of the claims process. *Id.* ¶ 7.

On June 24, 2025, Premera filed this motion to amend the case schedule arguing that on June 23, 2025, "Plaintiff produced 5,418 pages that Premera has no record of ever having before received." Dkt. No. 35 at 1. Premera seeks to extend the deadline to file its opening summary judgment brief by sixty days, to September 1, 2025, and to move the trial date to April 9, 2026. *Id.* at 5. Plaintiff opposes the motion and requests the Court deny the motion or "amend the briefing schedule by at most 30 days, and that it maintain the current February 2026 ERISA trial date. Dkt. No. 37 at 2.

Premera claims that it "attempted to meet and confer with plaintiff['s counsel] about this issue" but that Plaintiff did not respond. Dkt. No. 35 at 1. The emails on the docket show Premera contacted Plaintiff about the new documents the same day it filed its motion. Dkt. No. 36-1 at 2.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO AMEND THE CASE SCHEDULE - 2

## II. ANALYSIS

A scheduling order may only be modified "for good cause[.]" Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).[1] And under this district's local rules:

> A motion for relief from a deadline should, whenever possible, be filed sufficiently in advance of the deadline to allow the court to rule on the motion prior to the deadline. Parties should not assume that the motion will be granted and must comply with the existing deadline unless the court orders otherwise.
>
> If a true, unforeseen emergency exists that prevents a party from meeting a deadline, and the emergency arose too late to file a motion for relief from the deadline, the party should contact the adverse party, meet and confer regarding an extension, and file a stipulation and proposed order with the court. Alternatively, the parties may use the procedure for telephonic motions in LCR 7(i). It is expected that if a true emergency exists, the parties will stipulate to an extension.

Local Rules W.D. Wash. LCR 7(j).

Premera was not diligent in seeking the "Heritage appeal" and "exhibits" 19 days before its opening summary judgment brief was due, especially when it had received the documents twice before. Dkt. No. 36-1 at 4. While Premera was arguably diligent in filing the motion to amend the case schedule promptly upon receiving the allegedly new documents, it did not give Plaintiff adequate time to respond to Premera's attempt to meet and confer. According to Plaintiff, had Premera conferred with Plaintiff, it could have avoided a disputed motion. Dkt. No. 37 at 6. Such a conference could have also allowed the parties to use the Court's telephonic motion procedure under Rule 7(i). Premera then violated the local rules by not meeting the existing deadline to file its opening summary judgment brief. LCR 7(j).

---

[1] Premera's motion applies the legal standard for final pretrial orders under Federal Rule of Civil Procedure 16(e), not a scheduling order under 16(b)(4), which is the only order at issue here. *See* Dkt. No. 35 at 4, Dkt. No. 39 at 1.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO AMEND THE CASE SCHEDULE - 3

## III. CONCLUSION

In light of the circumstances here, the need for complete briefing, Plaintiff's agreement to a brief extension if it does not impact the trial date, and the necessity for sufficient time between the end of dispositive motion briefing and trial, the Court GRANTS IN PART and DENIES IN PART Premera's motion (Dkt. No. 35), VACATES the current case schedule (Dkt. No. 33), and ORDERS the case schedule amended as follows:

| Event | Date |
| --- | --- |
| BENCH TRIAL SET FOR 9:30 a.m. on | **February 9, 2026** |
| Length of trial | 1 day |
| Defendant's Opening Summary Judgment Brief | July 30, 2025 |
| Plaintiff's Opening Brief & Opposition | September 2, 2025 |
| Defendant's Opposition & Reply | September 30, 2025 |
| Plaintiff's Reply | October 28, 2025 |
| Settlement conference, if mediation has been requested by the parties per LCR 39.1, held no later than | October 30, 2025 |
| Agreed LCR 16.1 Pretrial Order due, including exhibit list with completed authenticity, admissibility, and objections fields | January 19, 2026 |
| Trial briefs, joint brief on motions in limine, preliminary proposed findings of fact and conclusions of law, and deposition designations due | January 26, 2026 |

Dated this 8th day of July, 2025.

*Kymberly K Evanson*

Kymberly K. Evanson
United States District Judge