UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRIAN W, | CASE NO. C24-0154-KKE |
| Plaintiff, | ORDER DENYING MOTION TO SEAL |
| v. | |
| PREMERA BLUE CROSS OF WASHINGTON et al., | |
| Defendant. | |

This matter comes before the Court on Defendant Premera Blue Cross of Washington's ("Premera") motion to seal the administrative record. Dkt. No. 42. Plaintiff opposes the motion as overbroad and for failing to meet and confer. Dkt. No. 48. The Court agrees and denies the motion without prejudice.

## I. BACKGROUND

Plaintiff sues Premera under the Employee Retirement Income Security Act ("ERISA") for failing to cover his son's mental health treatment. *See generally* Dkt. No. 1. The Court set the matter for a one-day bench trial on February 9, 2026, and ordered cross summary judgment briefing. Dkt. No. 41 at 4. Premera's opening summary judgment brief was due July 30, 2025. *Id.* On July 29, 2025, Premera emailed Plaintiff's counsel stating its intent to move to seal the entire administrative record "because it contains your client's confidential medical records protected by HIPAA" and stating "[w]e assume you will not oppose the motion." Dkt. No. 43-1

ORDER DENYING MOTION TO SEAL - 1

at 3.  Plaintiff responded with edits to the to the motion to seal's introductory facts.  *Id.* at 6.  Premera opposed these edits.  *Id.* at 2.  Premera filed the motion to seal on July 30, 2025, stating Plaintiff "does not oppose the relief requested by Premera's Motion To File Under Seal" but that the parties "could not agree on the form of an unopposed motion by Premera" and that the administrative record "contains over ten thousand pages" and should be sealed because it "contain[s] records regarding the medical condition of a minor[.]"  Dkt. No. 42 at 2.  Plaintiff opposed the motion to seal arguing it was "facially overbroad, encompassing hundreds of pages of non-confidential documents in additional to legitimately protected health information" and that the Court should deny the motion to seal without prejudice "and order Premera to confer with Plaintiff in good faith[.]"  Dkt. No. 48 at 1.  Plaintiff confirmed he does not "oppose sealing the HIPPA-protected [sic] records in this case" but argues that the insurance policy and "level of care guidelines" do not contain protected health information and should not be sealed.  *Id.* at 2–3.  Premera replied that sealing the entire administrative record is customary in cases like this one.  Dkt. No. 50.

## II.   ANALYSIS

### A.   Legal Standard

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 587, 597 & n.7 (1978)); *see also* Local Rule W.D. Wash LCR 5(g) ("There is a strong presumption of public access to the court's files.").  The Court treats judicial records attached to dispositive motions differently from records attached to non-dispositive motions:

> Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons"

> support secrecy. A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.

*Kamakana*, 447 F.3d at 1180 (cleaned up). "In general, 'compelling reasons' sufficient to ... justify sealing court records exist when such 'court files might ... become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id*. Under the local rules of this District, a party filing a motion to seal must certify the parties "met and conferred [] in an attempt to reach agreement on the need to file the document under seal" and is required to provide

> a specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant the relief sought; (ii) the injury that will result if the relief sought is not granted; and (iii) why a less restrictive alternative to the relief sought is not sufficient.

LCR 5(g)(3). If the court denies a motion to seal, the Clerk will unseal the document unless the Court orders otherwise or a party requests that the Court withdraw the document rather than unseal it. LCR 5(g)(6). No party has requested to withdraw any documents if the motion to seal is denied.

**B.     Premera's Motion to Seal Is Denied.**

Premera's motion to seal defies the local rules and fails on the merits.

First, before filing a motion seal, the moving party must meet and confer "with all other parties in an attempt to reach agreement on the need to file the document under seal[.]" LCR 5(g)(3)(A). A meet confer requires a "good faith conference in person or by telephone[.]" LCR 1(c)(6). Instead of following these rules, Premera emailed Plaintiff one day before filing the sealed documents, assumed Plaintiff would not oppose, and when Plaintiff provided edits to the motion,

ORDER DENYING MOTION TO SEAL - 3

did not attempt to resolve the dispute. *See* Dkt. No. 43-1. This is not sufficient and conflicts with the purpose of the local rules. LCR 1(c)(6) ("The Court expects a high degree of professionalism and collegiality among counsel during any meet and confer conference."). This is not the first time Premera has flaunted court rules, including with respect to this District's meet and confer requirements. *See* Dkt. No. 41 at 2–3 (describing Premera's last minute requests for records, insufficient attempt to meet and confer when "Premera contacted Plaintiff … the same day it filed its motion[,]" and failure to file its opening summary judgment brief by the deadline). Premera's failure to comply with the local rules before filing the motion to seal is a sufficient and independent basis to deny the motion to seal.

Second, Premera's motion to seal fails to explain why the entire administrative record meets the compelling reasons standard. Premera does not dispute the administrative record includes "copies of its health insurance policy" and "level of care guidelines that Premera used to deny the mental health claims at issue." Dkt. No. 48 at 3; *see* Dkt. No. 50. Premera has not identified any compelling reason to seal that information. Thus, Premera's motion to seal is denied for this reason as well. Dkt. No. 42.

However, the Court and parties agree that documents that contain a minor's health information meet the compelling reasons standard and such information should be sealed. As neither party requested to withdraw the administrative record if the motion to seal was denied, and Premera did not provide an index or other explanation of the organization of the 10,000 pages in the administrative record, the Court has no way to ascertain which of the 17 parts on the docket should remain sealed to protect the minor's confidential health information. Thus, the Court INSTRUCTS the Clerk to keep docket number 44 under seal for the time being, and ORDERS the parties to meet and confer and file a joint status report with a proposal(s) for maintaining the

ORDER DENYING MOTION TO SEAL - 4

confidential portions of the administrative record under seal and unsealing the portions of the record that do not contain confidential material.

### III. CONCLUSION

For these reasons, the Court DENIES Defendant's motion to seal without prejudice. Dkt. No. 42.

The parties' joint status report on sealing is due no later than September 12, 2025.

Dated this 27th day of August, 2025.

Kymberly K. Evanson
United States District Judge