UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRIAN W., <br><br> Plaintiff(s), <br> v. <br><br> PREMERA BLUE CROSS OF WASHINGTON, et al., <br><br> Defendant(s). | CASE NO. C24-0154-KKE <br><br> ORDER GRANTING UNOPPOSED MOTION TO SEAL |

This matter comes before the Court on Plaintiff Brian W.'s unopposed motion to seal portions of the administrative record. Dkt. No. 52. For the reasons set forth below, the Court grants the motion.

## I. BACKGROUND

Brian W. sues Premera Blue Cross of Washington ("Premera") under the Employee Retirement Income Security Act ("ERISA") for failing to cover his son's mental health treatment. *See generally* Dkt. No. 1. The Court set the matter for a one-day bench trial on February 9, 2026, and ordered cross summary judgment briefing. Dkt. No. 41 at 4. Contemporaneous with its motion for summary judgment (Dkt. No. 45), Premera filed excerpts of the administrative record it relied on in denying Plaintiff's claim for coverage (Dkt. No. 44) and moved to have the entire record maintained under seal because the record contained confidential medical records (Dkt. No. 42).

ORDER GRANTING UNOPPOSED MOTION TO SEAL - 1

The Court denied the motion but instructed the clerk to maintain the records under seal temporarily pending proposals by the parties on which records to designate confidential. Dkt. No. 51 at 4–5.

Brian W. then filed his cross-motion for summary judgment (Dkt. No. 59) along with additional excerpts of the administrative record and this unopposed motion to partially seal those excerpts (Dkt. No. 52). He states that the additional excerpts contain documents Premera omitted that are relevant to Brian W.'s claim and seeks to seal documents pertaining to his minor son's mental health treatment. Dkt. No. 52 at 2–3.

## II.   ANALYSIS

### A.   Legal Standard

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 587, 597 & n.7 (1978)); *see also* Local Rule W.D. Wash LCR 5(g) ("There is a strong presumption of public access to the court's files."). The Court treats judicial records attached to dispositive motions differently from records attached to non-dispositive motions:

> Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy. A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.

*Kamakana*, 447 F.3d at 1180 (cleaned up). Examples of compelling reasons include where a record might "become a vehicle for improper purposes," such as to "gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598). Courts have recognized that "the need to protect medical privacy" also generally qualifies as a "compelling reason" for sealing records. *E.g., Aguilar v. Koehn*, No. 3:16-CV-0529-MMD-CBC, 2018 WL 4839021, at *2 (D. Nev. Oct. 4, 2018) (citing cases); *Karpenski v. Am. Gen.*

*Life Companies, LLC*, No. 2:12-CV-01569RSM, 2013 WL 5588312, at *1 (W.D. Wash. Oct. 9, 2013). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179. Under the local rules of this District, a party filing a motion to seal must certify the parties "met and conferred … in an attempt to reach agreement on the need to file the document under seal" and is required to provide

> a specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant the relief sought; (ii) the injury that will result if the relief sought is not granted; and (iii) why a less restrictive alternative to the relief sought is not sufficient.

LCR 5(g)(3).

**B.      Brian W.'s Motion to Seal Is Granted**

Brian W.'s motion complies with this District's local rules and satisfies the compelling reasons standard. To begin, the Court accepts Brian W.'s certification that the parties met and conferred in compliance with Local Civil Rule 5(g)(3)(A). Dkt. No. 53 at 2–3. The Court further accepts Brian W.'s representation that the parties agree on the scope of the designation of confidential documents. *Id.* at 3.

Moreover, compelling reasons support sealing the at-issue records. As the Court previously noted, "documents that contain a minor's health information meet the compelling reasons standard." Dkt. No. 51 at 4. The documents Brian W. seeks to file under seal are sensitive medical records pertaining to his minor son's mental health diagnosis and treatment. Public disclosure of these records would result in an unwarranted invasion of privacy. At the same time, Brian W. does not seek to seal documents in the administrative record that do not contain private medical information. *See* Dkt. No. 58.

ORDER GRANTING UNOPPOSED MOTION TO SEAL - 3

Finally, the Court agrees that there are no reasonable, less restrictive alternatives to filing the medical records under seal that would protect the significant privacy interests at stake.

Accordingly, the Court GRANTS Brian W.'s unopposed motion to seal portions of the administrative record (Dkt. No. 52). The Clerk shall maintain the at-issue portions of the administrative record (Dkt. Nos. 54, 55, 56, 57) under seal.

Dated this 4th day of September, 2025.

Kymberly K. Evanson
United States District Judge

ORDER GRANTING UNOPPOSED MOTION TO SEAL - 4