UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRIAN W.,<br>         Plaintiff(s),<br>   v.<br><br>PREMERA BLUE CROSS OF WASHINGTON, et al.,<br>         Defendant(s). | CASE NO. C24-0154-KKE<br><br>ORDER DIRECTING SUPPLEMENTAL BRIEFING |

This matter comes before the Court on the parties' cross-motions for summary judgment. Dkt. Nos. 45, 59. The Court heard oral argument on December 18, 2025. Dkt. No. 70. Among the issues in this case is whether A.W.'s treatment at Cherry Gulch and the Heritage School was consistent with "generally accepted standards of medical practice," as the employee welfare benefit plan at issue in this case requires. *See* R1349. The plan defines "generally accepted standards of medical practice" to mean "standards that are based on credible scientific evidence published in peer reviewed medical literature generally recognized by the relevant medical community, physician specialty society recommendations and the views of physicians practicing in relevant clinical areas and any other relevant factors." *Id.*

At the hearing, Plaintiff's counsel referred to the Child and Adolescent Level of Care/Service Intensity Utilization System ("CALOCUS/CASII") guidelines published by the American Academy of Child and Adolescent Psychiatry, which are discussed in the briefs but not

ORDER DIRECTING SUPPLEMENTAL BRIEFING - 1

included in the record. *See* Dkt. No. 59 at 9–10, Dkt. No. 66 at 4–7. Defendant opposes the Court considering the CALOCUS/CASII guidelines and, instead, argues that the InterQual criteria authoritatively represent the applicable standard of medical care. Dkt. No. 66 at 6–7. It is unclear if Premera's position is that *only* the InterQual criteria can be considered, or if any other sources of evidence are relevant in determining the applicable standard of medical practice.

To assist the Court in determining the meaning of "generally accepted standards of medical practice" in the plan, the Court ORDERS the parties to provide supplemental briefing on what, if any, sources of evidence, in addition to the InterQual criteria, the Court should look to and why. In other words, what "credible scientific evidence published in peer reviewed medical literature," "physician specialty society recommendations," or "views of physicians practicing in relevant clinical areas" are indicative of the applicable standard of medical practice with respect to A.W.'s treatment. The parties' briefing should address whether the Court may look outside the administrative record to construe "generally accepted standards of medical practice" and include cases in which courts, on *de novo* review, have looked outside the record, or refused to do so, in similar situations. Briefing shall be limited to seven pages and shall be submitted no later than January 9, 2026.

The Court also ORDERS the parties to attach copies of their proposed guidelines or other evidence of the accepted standard of medical practice as exhibits to declarations.

The Court further DIRECTS the Clerk to re-note the cross motions at Dkt. Nos. 45 and 59 for January 9, 2026.

Dated this 22nd day of December, 2025.

Kymberly K. Evanson
United States District Judge

ORDER DIRECTING SUPPLEMENTAL BRIEFING - 2