UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRIAN W.,<br>    Plaintiff(s),<br><br>  v.<br><br>PREMERA BLUE CROSS OF<br>WASHINGTON, et al.,<br>    Defendant(s). | CASE NO. C24-0154-KKE<br><br>ORDER DIRECTING BRIEFING ON<br>JUDGMENT AMOUNT |

The parties in this case have submitted filings in response to the Court's order directing them to meet and confer and submit a proposed judgment reflecting the benefits due to Plaintiff Brian W. for his son A.W.'s mental health treatment at two residential care facilities. *See* Dkt. Nos. 86, 87. The parties appear to have reached an impasse regarding the amounts due on claims for A.W.'s treatment at the Heritage School ("Heritage"). While they agree that Heritage was an out-of-network provider, they disagree about whether Defendant Premera Blue Cross of Washington ("Premera") must reimburse the claims at the out-of-network or in-network rate under Brian W.'s employee welfare benefit plan. *See* Dkt. No. 86 at 2, Dkt. No. 87 at 2–3.

Brian W. contends that the in-network provider rate—which would require Premera to pay 90% of the billed costs—applies. This is because, according to Brian W., Heritage was uniquely suited to providing the treatment A.W. required and the plan provides for reimbursement of out-of-network treatment at in-network rates when "a covered service is not available from an in-

ORDER DIRECTING BRIEFING ON JUDGMENT AMOUNT - 1

network provider[.]" Dkt. No. 87 at 2–3 (quoting R1464).[1] Premera, however, contends that the out-of-network rate—which would cover only 50% of billed costs—applies. Dkt. No. 86 at 2. Brian W. responds that Premera waived its right to oppose in-network reimbursement by failing to respond to his administrative appeal concerning the Heritage claims, which—according to Brian W.—raised the issue of whether Heritage was "uniquely suited" to providing the required treatment. Dkt. No. 87 at 3 (emphasis omitted). According to Premera's calculations, which Brian W. states he is prepared to stipulate to, the total judgment amount, inclusive of interest, would be $384,682.12 if reimbursed at the out-of-network rate and $534,126.60 if reimbursed at the in-network rate. Dkt. No. 86 at 2, Dkt. No. 87 at 2.

The Court will order additional briefing on the applicable reimbursement rate under the plan. In doing so, the Court observes that the plan provision on which Brian W. relies states, in full: "If a covered service is not available from an in-network provider, you can receive benefits for services provided by an out-of-network provider at the in-network benefit level. *However, you must request this before you get the care.*" R1464 (emphasis added). The parties' briefs should address whether Brian W. requested in-network treatment before A.W. was admitted to Heritage and, if he did not, what effect that has on the reimbursement rate applicable to his claims.

The parties may also address any waiver arguments they have with respect to either Premera's claims handling process or the arguments that were raised, or not raised, during briefing on the parties' dispositive motions. In doing so, the parties should include citations to caselaw addressing similar fact patterns.

Finally, to the extent the Court must determine *de novo* whether an in-network provider was available that could have provided the same treatment to A.W., the Court finds it may be

---

[1] Consistent with the Court's order granting Brian W.'s motion for judgment, the Court cites Premera's administrative record as "R[page number]." *See* Dkt. No. 82 at 4 n.2.

ORDER DIRECTING BRIEFING ON JUDGMENT AMOUNT - 2

necessary to look outside the administrative record. *See Mongeluzo v. Baxter Travenol Long Term Disability Ben. Plan*, 46 F.3d 938, 944 (9th Cir. 1995) (holding that "when circumstances clearly establish that additional evidence is necessary to conduct an adequate *de novo* review[,]" the Court "should exercise its discretion" to look outside the administrative record (citing *Quesinberry v. Life Ins. Co. of N. Am.*, 987 F.2d 1017, 1025 (4th Cir. 1993))).  To the extent the parties believe the Court must reach this question, the parties should present any evidence the Court will need to determine whether the "covered service" provided by Heritage was "not available from an in-network provider" such that the in-network reimbursement provision applies.  *See* R1464.

The parties are DIRECTED to file their supplemental briefs, which shall not exceed eight pages, no later than April 28, 2026.  No response briefs shall be filed unless directed by the Court. The parties shall include a proposed judgment with their briefs.

Dated this 21st day of April, 2026.

Kymberly K. Evanson
United States District Judge

ORDER DIRECTING BRIEFING ON JUDGMENT AMOUNT - 3