UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRIAN W.,<br>Plaintiff(s),<br>v.<br>PREMERA BLUE CROSS OF WASHINGTON, et al.,<br>Defendant(s). | CASE NO. C24-0154-KKE<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES |

This matter comes before the Court on Plaintiff Brian W.'s motion to recover attorney's fees and costs in connection with this lawsuit under the Employee Retirement and Income Security Act ("ERISA"). Dkt. No. 100; *see* 29 U.S.C. § 1132(g). For the reasons below, the Court will grant the motion in part and award Brian W. $198,231 in attorney's fees and $7,351.17 in costs.

## I. BACKGROUND

Brian W. sued Defendant Premera Blue Cross of Washington ("Premera") for violating ERISA in connection with the denial of benefits for his son's mental health treatment at two residential care facilities. Dkt. No. 1 at 7–10; *see also* 29 U.S.C. § 1132(a)(1)(B), (a)(3). In March 2026, following cross-dispositive motions by the parties, this Court issued findings of fact and conclusions of law, holding that Brian W. carried his burden to show that Premera improperly denied benefits with respect to both care facilities. Dkt. No. 82. After briefing on the proposed judgment amount, the Court later entered judgment for Brian W. in an amount of $395,593.07

(plus post-judgment interest). Dkt. No. 99. In doing so, the Court rejected Brian W.'s argument that treatment at one of the facilities should be reimbursed at the in-network rate, adopted Brian W.'s proposed accrual date for prejudgment interest, and applied the prejudgment interest rate to which the parties initially stipulated—rejecting a higher rate Brian W. proposed later. Dkt. No. 96.

Brian W. now moves for attorney's fees and litigation costs pursuant to 29 U.S.C. § 1132(g). Dkt. No. 100. He requests a total of $223,495 in attorney's fees and $7,351.17 in costs. Dkt. No. 104 at 8. Premera opposes the motion, arguing that Brian W.'s request should be denied or, in the alternative, reduced by at least 50%. Dkt. No. 102.

## II. ANALYSIS

### A. Legal Standard

Under 29 U.S.C. § 1132(g)(1), a court may "in its discretion" award "reasonable attorney's fee and costs of action" in certain ERISA cases brought by participants in a covered benefits plan. The Ninth Circuit has instructed that § 1132(g)(1) "should be read broadly to mean that a plan participant or beneficiary, if he prevails in his suit under § 1132 to enforce his rights under his plan, should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Smith v. CMTA-IAM Pension Tr.*, 746 F.2d 587, 589 (9th Cir. 1984) (citation modified) (quoting *Landro v. Glendenning Motorways, Inc.*, 625 F.2d 1344, 1356 (8th Cir. 1980)). In determining whether special circumstances counsel against a fee award, the Ninth Circuit has instructed courts to consider five factors:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.

*Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir. 1980) (citation omitted). These factors are intended to guide the court's discretion, "but none is necessarily decisive; various permutations and combinations can support an award of attorney fees[.]" *Credit Managers Ass'n of S. Cal. v. Kennesaw Life & Acc. Ins. Co.*, 25 F.3d 743, 749 (9th Cir. 1994) (citation modified).

If the Court finds that fees and costs are warranted under the *Hummell* factors, it then determines the amount of the award. The Ninth Circuit has adopted a two-part "hybrid lodestar/multiplier approach"—described further below—for determining the amount of attorney's fees in ERISA actions. *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).

**B. The *Hummell* Factors**

The *Hummell* factors largely favor awarding attorney's fees and costs to Brian W. The Court considers each factor in turn.

The first factor—which considers the opposing party's "culpability or bad faith"—favors an award to Brian W. A showing of "bad faith"—although always sufficient to "justify an award"—is not required. *Smith*, 746 F.2d at 590. Conduct that is merely "culpable"—meaning "'blameable,' 'censurable,' or 'at fault'"—may also justify fee shifting. *Richardson v. IBEW Pac. Coast Pension Fund*, No. C19-0772JLR, 2020 WL 3639625, at *8 (W.D. Wash. July 6, 2020) (quoting *McPherson v. Emps.' Pension Plan of Am. Re-Ins. Co.*, 33 F.3d 253, 257 (3d Cir. 1994)). Culpable conduct "normally involves something more than simple negligence[.]" *Id.* (quoting *McPherson*, 33 F.3d at 257).

Here, while the record does not indicate bad faith, Premera's handling of Brian W.'s claim was deficient to the point of culpability. With respect to the claims for treatment at Cherry Gulch, Premera repeatedly shifted from one denial rationale to another—first citing the filing deadline, then lack of prior authorization, then licensure—before switching rationales again during litigation

and defending the denial, for the first time, on purported lack of medical necessity. Dkt. No. 82 at 18–22. Premera apparently viewed the reason it disclosed for denying the claim—Cherry Gulch's licensure status—as insufficiently meritorious to cite as even an alternative basis for upholding the denial. *See* Dkt. Nos. 45, 66. Throughout this flipflopping, Brian W. was made to wait years to have his claims reimbursed. Then, when Brian W. appealed the denial of his claim for his son's treatment at the Heritage School, Premera lost the appeal and never responded. Dkt. No. 82 at 38–39. Even after Brian W. filed a complaint with the Washington Office of the Insurance Commissioner, Premera apparently misread the complaint and replied with an unresponsive letter discussing a different appeal, despite assuring the agency it had "carefully reviewed the correspondence from Brian [W.]" and his "appeal history[.]" *Id.* Accordingly, given Premera's inadequate claims handling, the first *Hummell* factor favors an award of fees.

The second factor—the opposing party's ability to satisfy a fee award—"has the greatest weight of all the factors[.]" *Desharnais v. Unum Life Ins. Co. of Am.*, No. 22-15336, 2022 WL 17817954, at *1 (9th Cir. Dec. 20, 2022) (citing *Carpenters S. Cal. Admin. Corp. v. Russell*, 726 F.2d 1410, 1416 (9th Cir. 1984)). "Based on this factor alone, absent special circumstances, a prevailing ERISA employee plaintiff should ordinarily receive attorney's fees from the defendant." *Smith*, 746 F.2d at 590. Here, Premera does not dispute that it can pay a fee award. Dkt. No. 102 at 6. By contrast, the record reflects that Brian W. was forced to make withdrawals from his retirement and brokerage accounts to fund his son's residential medical care. Dkt. No. 95-4 ¶ 2. He states he will have to work an additional five years beyond his intended retirement to replenish the funds he withdrew. *Id.* ¶ 7. This factor thus strongly supports a fee award in Brian W.'s favor.

The third factor is "whether an award of fees against the opposing part[y] would deter others from acting under similar circumstances." *Hummell*, 634 F.2d at 453. Here, a fee award

against Premera may deter it and other plan administrators from standing by a wrongful claim denial based on reasons not disclosed in the denial letter and may encourage better records management practices than occurred here. Accordingly, the third *Hummell* factor favors an award of fees.

The fourth factor considers whether the party "requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA." *Hummell*, 634 F.2d at 453. Here, Brian W. did not seek relief for other plan participants or beneficiaries. And this case was largely resolved based on facts pertinent to Brian W.'s claims in particular. Accordingly, this factor is either neutral or weighs slightly against a fee award.

Finally, the fifth factor considers the relative merits of the parties' positions. *Hummell*, 634 F.2d at 453. Apart from Brian W.'s request for higher prejudgment interest and for reimbursement of the Heritage claim at the in-network rate, Brian W. prevailed on the merits of all his claims. Accordingly, the final *Hummell* factor favors a fee award.

In sum, all but one *Hummell* factor favors an award of fees to Brian W. Accordingly, this is not the unusual case in which "special circumstances" counsel against awarding fees to a prevailing ERISA plan participant. *See Smith*, 746 F.2d at 589. The Court will therefore award Brian W. his reasonable attorney's fees and litigation costs.

**C. Amount of the Award**

Next, the Court must determine the appropriate amount of fees and costs to be included in the award. Under the Ninth Circuit's two-step "lodestar/multiplier" approach, the court first "determines the 'lodestar' amount by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Van Gerwen*, 214 F.3d at 1045. Second, the court "may adjust the lodestar upward or downward using a 'multiplier' based on factors not subsumed in the initial calculation of the lodestar." *Id.*

1. Calculating the lodestar

To begin, Premera does not dispute the reasonableness of the hourly rates claimed by Brian W.'s attorneys. *See* Dkt. No. 102; *see also* Dkt. No. 106 at 2 ("Premera never challenged Plaintiff's hourly rates."). Fee applicants bear "the burden of producing evidence that their requested fees are 'in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'" *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1110 (9th Cir. 2014) (quoting *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008)). Brian W. supports his claimed rates with declarations from three ERISA attorneys, Mel Crawford, Michelle L. Roberts, and Glenn R. Kantor, who attested to the reasonableness of the rates considering these factors.[1] Dkt. Nos. 100-5, 100-6, 100-7. And Brian W. cites cases in which comparable, or higher, rates have been approved for attorneys with similar levels of experience. *See* Dkt. No. 100 at 11–12 (citing *Dimry v. Bert Bell/Pete Rozelle*, 2018 WL 6726963, at *1–2 (N.D. Cal., Dec. 22, 2018) (awarding a $900 hourly rate for partner in ERISA case); *Shaikh v. Aetna*, 2020 WL 3402247, *4–5 (N.D. Cal. June 19, 2020) (approving $750 hourly rate for attorney with 18-years of experience); *see also Dwyer v. United Healthcare Ins. Co.*, 2026 WL 184247, at *5 (E.D.Tx., Jan 1, 2026) (approving $900 hourly rate for Brian W.'s counsel, David Lilienstein). Accordingly, the Court finds that Brian W.'s requested hourly rates—$850 for David M. Lilienstein, $750 for Katie J. Spielman, $510 for McKean Evans, and $250 for paralegals Dani Mernick and Chelsea Giles—are reasonable.

Turning to the reasonableness of the hours expended, the Ninth Circuit has instructed that courts should, "[b]y and large, … defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case[.]" *Moreno v. City of Sacramento*, 534 F.3d 1106,

[1] As discussed below, the Court has not considered the declarations of attorneys Elizabeth K. Green or Eleanor Hamburger, which were improperly filed for the first time in Brian W.'s reply. *See* Dkt. Nos. 104-3, 104-4.

1112 (9th Cir. 2008). However, a court may "reduce a lawyer's request for duplicative or unnecessary work, and it can impose up to a 10 percent reduction without explanation." *Chaudhry*, 751 F.3d at 1111 (citing *Moreno*, 534 F.3d at 1112). Premera seeks to exclude several categories of hours expended by Brian W.'s attorneys or paralegals from the fee award.

First, Premera contends that the Court should exclude hours spent on what Premera characterizes as Brian W.'s "[u]nsuccessful" damages arguments—namely, his request for a higher prejudgment interest rate and reimbursement of the Heritage claim at the in-network rate. Dkt. No. 102 at 9–15. If a district court determines "that a plaintiff has pursued unsuccessful claims that are unrelated to the successful claim," the court should seek to "exclude from the calculation of a reasonable fee all hours spent litigating the unsuccessful claims." *Schwarz v. Sec'y of Health & Hum. Servs.*, 73 F.3d 895, 904 (9th Cir. 1995). That said, excluding time spent on unsuccessful claims is generally appropriate only when "the plaintiff has prevailed on some claims but not on others" and the unsuccessful claims are "distinctly different claims for relief that are based on different facts and legal theories[.]" *Id.* at 902 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Claims are unrelated if the "relief sought on the unsuccessful claim 'is intended to remedy a course of conduct entirely distinct and separate from the course of conduct that gave rise to the injury on which the relief granted is premised.'" *Id.* at 903 (quoting *Thorne v. City of El Segundo*, 802 F.2d 1131, 1141 (9th Cir. 1986)). "If the unsuccessful and successful claims are related," the court must evaluate the "significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.* at 901–02 (quoting *Hensley*, 461 U.S. at 435).

Brian W. did not succeed on some claims and lose on others. He prevailed on each of his claims, although the Court awarded a lower prejudgment interest rate and a less favorable reimbursement rate under the plan than he ultimately requested. Where a "plaintiff obtained 'excellent results'"—rather than "partial" or only "limited success"—a court may award full

compensation. *Thorne*, 802 F.2d at 1141. The Court finds that Brian W. largely prevailed here and, indeed, prevailed at the damages phase in obtaining his proposed accrual date for prejudgment interest. The Court will not exclude hours expended by Brian W.'s attorneys litigating the amount of damages to which Brian W. was entitled simply because he did not prevail on two discrete issues.

Second, Premera points out that, with respect to the fee request for Mr. Lilienstein, Brian W. seeks $155,825 for 167.9 hours at $850 per hour. Dkt. No. 102 at 10; *see also* Dkt. No. 100-2 at 10, 13. But 167.9 multiplied by $850 equals $142,715—not $155,825. Brian W. does not dispute this correction in his reply brief. *See* Dkt. No. 104. Accordingly, the Court will use the $142,715 figure ($850 × 167.9) as the starting point for calculating Mr. Lilienstein's lodestar.

Third, Premera points out that the dates associated with two of Mr. Lilienstein's billing entries totaling 4.6 hours (or $3,910) postdate the filing of Brian W.'s fee motion. Dkt. No. 102 at 10–11. In his reply, Brian W. acknowledges this mistake and agrees to withdraw these hours. Dkt. No. 104 at 2. The Court will exclude these hours from its calculation of Mr. Lilienstein's lodestar.

Fourth, Premera seeks to exclude some of the hours Brian W.'s counsel spent litigating this fee request, noting that his motion contains language—apparently taken from a different case—referencing motions, mediation, and a bench trial that did not occur in this case as well as different fee amounts. Dkt. No. 102 at 8, 11; *see also* Dkt. No. 100 at 15 (discussing "$259,880 in fees" related to, among other things, "five motions brought by Defendant the DGA Plan" as well as "mediation, a bench-trial, and travel occasioned by Defendant the DGA Plan's insistence on moving this matter from the Northern District" (emphasis omitted)). Brian W.'s counsel concedes that this language was "interposed from a motion for attorneys' fees in a separate action" and should not "have been included" in the motion. Dkt. No. 104 at 2.

Considering counsel's acknowledged use of recycled briefing materials and the evident errors in editing the interposed language, the Court finds that a reduction in hours is appropriate. *See Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 950 (9th Cir. 2007) (affirming reduction in attorney hours where district court found "much of the language" in the fee application "was recycled from submissions to other courts"). However, the Court finds Premera's proposal to exclude 50% of the hours related to the motion to be excessive considering that the majority of Brian W.'s briefing concerns factual issues specific to this case that could not have been recycled. Instead, the Court will exclude one-third of the 21 hours[2] (i.e., 7 hours) expended by Mr. Lilienstein, who primarily drafted the fee application. This results in a reduction of $5,950.

Fifth, Premera seeks an exclusion for "duplicative merits briefing by two senior ERISA lawyers"—Mr. Lilienstein and Ms. Spielman. Dkt. No. 102 at 11. To support its request, Premera points to "overlapping senior-attorney work" involving "substantial time" spent on the same briefs. *Id.* at 11–12. The Court is unpersuaded that Mr. Lilienstein and Ms. Spielman's combined efforts on this case reflect "duplication" or "inefficiency." *Id.* at 12. As the Ninth Circuit has explained, "determining whether work is unnecessarily duplicative is no easy task" and some degree of duplication is "necessary" in litigation. *Moreno*, 534 F.3d at 1112. And "while it is appropriate to consider the skill required to perform a task," the Court "may not set the fee based on speculation as to how other firms would have staffed the case." *Id.* at 1115 (citing *Hensley*, 461 U.S. at 430 n.3).

Premera has not identified specific objectionable time entries. While duplication of effort is possible when more than one attorney works on a case, the Court has reviewed Mr. Lilienstein's

[2] Premera states that Brian W. has claimed 23.9 hours, rather than 21 hours, of Mr. Lilienstein's time for work on the fee motion. Dkt. No. 102 at 11; *but see* Dkt. No. 104 at 7 (Brian W.'s reply claiming 21 hours for Mr. Lilienstein related to the fee motion). The Court has reviewed the billing entries and finds that the correct number attributable to Mr. Lilienstein's work drafting the fee motion is 21 hours. *See* Dkt. No. 100-2 at 13–14.

and Ms. Spielman's time entries and finds no indication of unreasonable duplication. While both attorneys seem to have drafted some portion of the background section of Brian W.'s dispositive motion, the two appear to have reasonably divided between themselves responsibility for the arguments and issues addressed in Brian W.'s briefs. *See, e.g.*, Dkt. No. 100-2 at 22–24 (Mr. Lilienstein's entries regarding "expanding the admin record"; "Interqual guidelines"; and drafting the "intro"); Dkt. No. 100-3 at 10 (Ms. Spielman's entries regarding drafting discussions of "plan terms analysis"; "claims and denials history"; and "meaningful dialogue" requirement). Moreover, Mr. Lilienstein states that he already excluded several categories of time, including phone calls and emails with opposing counsel; time spent with his original co-counsel, Stacy Monaghan; and time spent on shorter calls with Brian W. Dkt. No. 100-2 at 9–10.

Sixth, Premera argues that paralegal hours performing certain "administrative" or "clerical tasks"—including work on the "fee agreement"; a "HIPAA release"; "downloading" or "combining records"; and "Bates stamping"—should be excluded as part of the firm's overhead expenses. Dkt. No. 102 at 12. The Supreme Court has noted that "purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them." *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n.10 (1989). Accordingly, "[w]hen clerical tasks are billed at hourly rates, the court should reduce the hours requested to account for the billing errors." *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009). Brian W. does not respond to Premera's argument regarding clerical tasks in his reply brief. The Court finds that the entries Premera disputes are for clerical work not recoverable in a fee award and will therefore exclude the $6,225 (24.9 hours) of paralegal billing identified in Premera's brief.

Seventh, Premera argues that Mr. Lilienstein's bill for preparing a PowerPoint presentation for oral argument and traveling to Seattle for the hearing are excessive and should be reduced by

35%. Dkt. No. 102 at 12–13. The Court has reviewed these billing entries and does not find the hours spent preparing and traveling for oral argument objectionable.

Finally, Brian W. also seeks an additional 14.1 hours in attorney's fees ($9,729) in connection with the preparation of his reply brief supporting this fee motion. Dkt. No. 104 at 8. Premera filed a surreply arguing that Brian W.'s reply improperly introduces declarations from two attorneys concerning the reasonableness of the claimed hourly rates, and that Brian W. should not recover fees for a reply brief that violates this District's local rules. Dkt. No. 106 at 1–4 (citing Local Rules W.D. Wash. LCR 7(g)). The Court agrees with Premera that two of the declarations attached to Brian W.'s reply (Dkt. Nos. 104-3, 104-4) constitute new "evidence [that] may not be raised in [a] reply brief[]" and, accordingly, the Court has not considered them in deciding this motion and grants Premera's request to strike them. *HDT Bio Corp. v. Emcure Pharms., Ltd.*, No. C22-0334JLR, 2022 WL 3018239, at *2 (W.D. Wash. July 29, 2022) (quoting *Atigeo LLC v. Offshore Ltd.*, D., No. C13-1694JLR, 2014 WL 239096, at *8 (W.D. Wash. Jan. 22, 2014)). The reply brief itself, however, does not reference these two declarations; and only two time entries by Ms. Spielman pertain to their preparation. *See* Dkt. No. 104-1 at 8. Accordingly, the Court will exclude only these two entries, totaling 1.4 hours, or $1,050.

In sum, the Court calculates the lodestar for Brian W.'s attorney's fees as $198,231, comprised of the following:

- Attorney David Lilienstein: **$141,780**, representing 167.9 total hours at $850/hour ($142,715), minus 4.6 hours ($3,910) in excluded future-dated time entries, minus 7 hours ($5,950) in excluded time on this fee application, plus 10.5 hours ($8,925) for the reply brief supporting this fee application;
- Attorney Katie Spielman: **$35,100**, representing 45.7 total hours at $750/hour ($34,275), plus 2.5 hours ($1,875) for the reply brief supporting this fee application,

minus 1.4 hours ($1,050) for excluded time on the improper declarations submitted with the reply;

- Attorney McKean Evans: **$15,351**, representing 30.1 hours at $510/hour; and
- In-house and independent contractor paralegals: **$6,000**, representing 48.9 total hours at $250/hour ($12,225), minus 24.9 hours ($6,225) in excluded clerical tasks.

2. Adjustments to the Lodestar

Premera briefly argues that the lodestar should be adjusted downward by 35% across the board for the same reasons discussed above—purportedly duplicative work, excessive fee-petition work, clerical paralegal time, and Brian W.'s partial success on damages. Dkt. No. 102 at 12. The lodestar, however, is presumptively reasonable, and upward and downward adjustments are appropriate only in "'rare' and 'exceptional' cases, supported by both 'specific evidence' on the record and detailed findings[.]" *Van Gerwen*, 214 F.3d at 1045 (quoting *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986)). The Court has already considered Premera's contentions in calculating the lodestar and has excluded time where appropriate. *See Moreno*, 534 F.3d at 1115 ("[T]he district court must exercise extreme care in making such reductions to avoid double counting."). Accordingly, the Court concludes that this is not a rare or exceptional case that warrants an adjustment to the lodestar.

## III. CONCLUSION

The Court GRANTS Brian W.'s motion for attorney's fees in part. Dkt. No. 100. The Court AWARDS Brian W. as follows:

- $198,231 in attorney's fees (and paralegal's fees), and
- $7,351.17 in costs.

//

//

Dated this 4th day of September, 2026.

Kymberly K. Evanson
United States District Judge